IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BENNIE FRANK LEWIS, #171958, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:10-CV-489-TMH |
| | ) |
| SANDRA GILES, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Bennie Frank Lewis ["Lewis"], a state inmate, in which he alleges the defendants have acted with deliberate indifference to his safety regarding protection from another inmate during his confinement at the Bullock County Correctional Facility. On July 2, 2010, Lewis filed a motion for preliminary injunction in which he requests that the defendants "not ... move the plaintiff [to] general population with inmate Ronald Buckner [and] not to transfer the plaintiff to another prison." *Court Doc. No. 13* at 2.

**I. STANDARD OF REVIEW**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Lewis demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a

substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306  *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983).  "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of*

2

*Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

## II.  DISCUSSION

### A.  Relevant Information

On July 16, 2010, the defendants filed a response in which they address the allegations presented by Lewis in his motion for preliminary injunction. The evidentiary materials filed in support of this response, including an affidavit and relevant institutional records, clearly demonstrate that the defendants have provided Lewis adequate protection from inmate Buckner. *Defendants' Exhibit 1 (Affidavit of Sandra Y. Giles - Warden of Bullock County Correctional Facility) - Court Doc. No. 19-1* at 1-3; *Defendants' Exhibit 1 (Institutional Records of Bennie Frank Lewis) - Court Doc. No. 19-1* at 5-15. Moreover, the evidentiary materials do not indicate any deliberate indifference by the defendants towards the plaintiff's safety; rather, these documents demonstrate the defendants have undertaken appropriate measures to ensure Lewis' safety from inmate Buckner.

Warden Giles addresses the plaintiff's allegations, in relevant part, as follows:

> On January 26, 2010, Inmate[] Bennie Lewis ... and Ronald Buckner ... were involved in a verbal altercation where inmate Lewis alleged that he was threatened by inmate Buckner. Inmate Lewis alleged that Inmate Buckner had threatened to kill him. An investigation revealed that it was possible that Inmate Lewis had been threatened based on some inmate witness statement[s] as well as Inmate Buckner's refusal to cooperate during the investigation. Inmate Buckner was placed in Administrative Segregation pending disciplinary action for violation of Rule #44, Threats.
> Inmate Buckner pleaded guilty during the disciplinary hearing and was

given forty (40) days disciplinary segregation time in addition to other sanctions. Inmate Lewis was placed in Mental Health observation (Administrative Segregation per orders of Dr. Paul Beechum, Psychiatrist[]) after alleging to fear for his life from Officer's (sic) and Inmates. Inmate Lewis alleged to have enemies.

On April 14, 2010, Inmate Lewis was to be released back to population. He refused to sign a living agreement with Inmate Buckner who had been released to population on April 5, 2010, alleging to fear for his life. This incident was referred to the Enemy Validation Committee. The committee did not find sufficient evidence to substantiate the allegations of Inmate Lewis. Therefore, they were not listed as enemies. Inmate Lewis was adamant about being afraid for his life and refused to sign living agreements on several occasions.

It was determined that it was in the best interest of the facility to keep [inmates Lewis and Buckner] separate. Inmate Lewis who feared for his life, remained in segregation, and was recommended for transfer. Inmate Lewis being MH3 [mental health status level 3] could only be housed at Donaldson Correctional Facility. Due to quarantine at Donaldson the transfer had to be put on hold.

Inmate Lewis continues to be held in segregation on disciplinary action that was initiated against him. Inmate Lewis pleaded guilty to both charges on failure to obey a direct order of a DOC official.

On April 14, 2010, at approximately 11:25 a.m., Inmate Lewis received a disciplinary for violation of Rule #56, Failure to obey a direct order for refusing to report to his assigned Dorm.... Inmate Lewis pled guilty to the charges and was given 45 days loss of store, visiting and phone privileges. Inmate Lewis remained in segregation until May 13, 2010, when he was to be released at the end of his segregation time. Inmate Lewis was ordered by Officer Artis James to pack his property and prepare to be released from the segregation unit.

Inmate Lewis refused and again received a disciplinary for violation of Rule #56, Failure to Obey [a Direct Order]. The [related disciplinary] hearing was held on May 23, 2010, and Inmate Lewis pled guilty. The recommended sanctions were approved. Inmate Lewis did receive[] two (2) disciplinaries for failing to obey a lawful command of a Correctional Officer. While his safety is of the utmost importance, inmates are not and can not be allowed to disobey lawful commands.

The initial plan was to transfer Inmate Buckner upon completion of his segregation time and pending enemy validation. Once this was completed,

> the committee did not validate and Inmate Lewis refused to sign a living agreement.  It was determined that it would be best to transfer Inmate Lewis who has alleged to have enemies, both Officers and Inmates [at Bullock Correctional Facility]. Based on the events it appears that Inmate Lewis may have been trying to manipulate a transfer.  However, he did not wish to be transferred to Donaldson Correctional Facility, which is the only [other] institution to house MH3 Inmates.
>
> Inmate[s] Buckner and Lewis have been kept separate since the incident and will be until Inmate Lewis can be transferred to Donaldson or is released (EOS) August 14, 2010.
>
> It is the mission of Alabama Department of Corrections and Bullock Correctional Facility to keep all inmates safe.  Everything has been done to ensure the safety of Inmate[s] Lewis and Buckner as well as all other inmates.

*Defendants' Exhibit 1 (Affidavit of Sandra Y. Giles - Warden of Bullock County Correctional Facility - Court Doc. No. 19-1* at 1-3.  Warden Giles' synopsis of the actions undertaken to protect Lewis are supported by the institutional records.  *Defendants' Exhibit 1 (Institutional Records of Bennie Frank Lewis) - Court Doc. No. 19-1* at 5-15.

### B.  The Prerequisites to Issuance of a Preliminary Injunction

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Lewis has not established a substantial likelihood of success on the merits of his claims.  With respect to the second factor, Lewis fails to demonstrate a substantial threat that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction as the record before this court indicates the defendants are acting to protect this inmate's safety in accordance with their professional judgment and applicable correctional standards.  The third factor, balancing potential harm to the parties, appears to weigh more

heavily in favor of the defendants because issuance of the requested injunction would have an unduly adverse affect on the ability of correctional officials to exercise their professional judgment in determining the appropriate manner in which to protect inmates confined within their custody. Finally, the public interest element of the equation likewise favors the defendants at this juncture. Thus, Lewis has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction and the court concludes that the motion for preliminary injunction is due to be denied.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that **on or before August 9, 2010** the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are further advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal factual findings in the report accepted or

adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 26th day of July, 2010.

      /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE